Curia, per

Evans, J.
By law, the administrator was bound to do three things. 1st. To return an inventory,and appraisement of the estate. 2d. To make annual returns to the ordinary. 3rd. To pay over the surplus after the payment of debts, to the distributee.
It appears from the ordinary’s office, that he performed the first. Of the performance of the other two, there is no evidence, except the presumption arising from the length of time. So that we are to enquire whether the facts of this case are such as will authorize us to give the appellants the benefit of that presumption. In general, after a lapse of 20 years, the law will presume that to haVe been done which should have been. But when does the time begin to run 1 If a man enter into a bond with a condition to pay money, or to perform any other act, presently, after 20 years the presumption of payment will arise. But if the condition be, that he will pay the money, or do the act, at the expiration of ten or twenty years, then l apprehend the presumption does not arise until 20 years after the time stipulated for performance. This principle is very clear, and is in conformity with all the authorities. Let us now see how this principle applies to this case. Can we presume that he has paid off the distributee, who was an infant for 20 years after the date of the bond, and who instituted this proceeding in the court of ordinary within about 7 years after he came of legal age % This question is answered by the enquiry, when was he bound to pay over the surplus to the distributee ? It is very clear, that during his infancy, the distributee was incapable of settling with the administrator. It would have been not only imprudent, but a violation of the administrator’s duty, to have paid over the estate to the infant. I assume, therefore, that he was not bound to pay until the *337 appellee was 21 years old. Since which period, only 7 years, instead of 20 years, have elapsed. The case of Boyd vs. Keels, decided in 1830, is conclusive on this point; and if that had been a reported case, I should not have thought it necessary to say more than to refer to it as settling the question; The only difference between the cases is, that in that case; Boyd filed his bill within 2 years after he was of age; and in this, the appellee did not institute his proceedings before the ordinary, until he was 27 years old. i The application of these principles will enable us to’ decide the other question without difficulty-.- When was the administrator bound to make returns to the-ordinary ? The answer is, annually; From 1808 to 1834, we may fairly presume he made returns; but the difficulty is, what did he return, and in which of those years did he account for the money, and how did he account for it? After a lapse of 20 years, he may legally ask us to give him the benefit of the presumption that he accounted annually before the ordinary ; but it seems to me, he asks too much when he requires that -we shall presume not only that he accounted, but also what his accounts contained. The difficulty arises; not in ascertaining the principle, but in applying it beneficially to the appellant’s casé. He claims the benefit of a presumption that he accounted before the ordinary annually, for the purpose of allowing him commissions, without furnishing any means of ascertaining either the sums on which commissions are to be allowed, or at what time they are to be credited. This is asking us to presume too much. Upon' the whole, it seems to me the appellants must fail; and the motion is refused.
Gantt, Richardson,- Earle, and Butler, JJ. concurred;